By the Court.
The petition alleges, that the defendant is the probate judge of Ashland county, which does not contain a city of the first class; that the duly constituted and acting executive committee of the republican party in that county selected and designated W. N. Starr and Jesse *506 R. Hissem, as members of the board of elections for that county, under the provisions of the act to provide for the mode of conducting elections, etc., passed April 30, 1891, the former for one year, and the latter for two years; that the persons so selected are qualified electors of the county and members of the republican party, which party, cast the highest number of votes in the state at the election held in November, 1890; that on the sixth day of June, 1891, said executive committee recommended to the defendant, who was then the probate judge of Ashland county, the appointment of the persons so selected, as members of the board of election, and requested the appointment to be made, but the defendant refused to make such appointment, and claims to have appointed, June 3, 1891, two other persons, members of the same party and citizens and electors of said county, as members of such board. The petition prays for a writ of mandamus, commanding the defendant to appoint the two persons recommended by the executive committee, as members of the board of elections of Ashland county. The defendant waives the issuing of an alternative writ, and demurs to the petition.
The demurrer calls for a construction of the third section of the act of April 30,1891, known as the Ballot Law, and the single question presented is: may a probate judge, in a county of the class named, appoint a county board of elections prior to the first Monday in July, in the absence of any recommendation by the executive committees of the political parties casting the highest, and next highest, number of votes at the last previous November election ?
Held: That the executive committees referred to, have, under the terms of the act, until the first Monday of July in which to recommend qualified persons for appointment by the probate judge as members of the board of elections. It is the duty of such judge, upon such recommendation being made, within said time, to make the appointments so recommended, and appointments made by him before the first Monday in July, in the absence of such recommendations, are premature and inoperative.

Demurrer overruled, and peremptory writ awarded.